

**Lauren A. Baum**
Kristen M. Chambers
Matthew Finizio

THE LAW OFFICES OF
Lauren A. Baum, P.C.

171 Madison Avenue, Suite 300
New York, New York 10016
TEL: (212) 644-4414
FAX: (212) 644-8470

July 1, 2022

**BY ECF**

Hon. John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *L.L. v. N.Y.C. Dep't of Educ.*
21-cv-9240 (JPC)(JLC)

> The parties' request is granted. The parties shall file a stipulation of settlement and discontinuance of this action by July 5, 2022 as previously proposed. *See* Dkts. 19-20.
>
> SO ORDERED.
>
> Date: July 5, 2022
>       New York, New York
>
> JOHN P. CRONAN
> United States District Judge

Dear Judge Cronan:

    I represent the Plaintiffs in the above-referenced matter. I submit this letter regarding the Memo Endorsement of June 7, 2022, requiring the parties to support materials in support of the Court's approval of the settlement in this matter, along with a proposed infant compromise order by July 5, 2022. The parties have resolved their differences and arrived at a settlement. We jointly ask that the order for the production of these materials and infant compromise be vacated, as relief for the infant was never sought in this matter.

    The matter currently before the Court concerns the application of the Plaintiffs, the parents of the student, for a reimbursement of the legal fees the parents incurred in pursuing a claim under the Individuals with Disabilities Education Act (IDEA). The IDEA contains a fee-shifting provision that provides "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 USC § 1415[I][3][B]. It was the underlying matter that gave rise to this claim inured to the benefit of the child, as it concerned the deprivation of a free appropriate public education, and the request for funding for tuition for an appropriate nonpublic school program. The Impartial Hearing Officer ruled in favor of the parents, and the Department of Education has already complied with that Order. As the Plaintiff parents in this matter were successful in that claim, under the fee shifting provision of the Individuals with Disabilities Act, they sought reimbursement of their legal fees through the matter now before the Court. Thus, this claim is not properly the subject of an infant compromise order.

    The Court referred to *T.H. v. New York City Dep't of Educ.*, 99 F. Supp. 3d 394, 396 (S.D.N.Y. 2015) in the Memo Endorsement. *T.H.* differs significantly from the matter now before this Court, as *T.H.* concerned settlements of damages in compensation for the emotional damage suffered by Plaintiff students, among other damages, due to their removal from school. The case at bar is more similar to *J.D. o/b/o J.M. v. New York City Department of Educ.*, 1:21-cv-00671-JPC, in which this Court ordered payment of attorneys fees that were accrued in connection with claims arising from an Impartial Hearing and that federal action, without an infant compromise order.

*Hon. John P. Cronan*
*Re:  L.L. v. N.Y.C. Dep't of Educ., 21-cv-9240 (JPC)(JLC)*
*July 1, 2022*
*Page 2*

      Accordingly, we ask that the Order requiring production of the settlement materials and the proposed infant compromise order be vacated. Thank you for your consideration of our request.

                                               Respectfully submitted,

                                                       <u>s/</u>

                                               Lauren Baum
                                             Attorney for Plaintiffs

cc:      Elizabeth Cordero
          *via email* elcorder@law.nyc.gov
          Defendants' counsel